IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RODNEY SYLVESTER GREEN,  *
    Plaintiff
  v.  *  CIVIL ACTION NO. AMD-06-2362

MARY L. LIVERS, et al.,  *
    Defendants
                       ***

MEMORANDUM

Recent incidents of inmate-on-inmate and inmate-on-guard assaults at the Maryland House of Correction ("MHC") and the response of correctional administrators have been well publicized in the print and electronic media. MHC was placed on lock-down status and major shake downs have occurred. It is with background that Rodney Green ("Green"), an MHC inmate, filed this 42 U.S.C. § 1983 civil rights action. Green complains that on July 26, 2006, administrators ordered the removal of all blankets from the front of cells. He claims that inmates have hung fire-retardant blankets over the front of cells for many years to: (1) prevent inmates from being assaulted through open cell bars and (2) keep cold air out of the cells. Green states that since the implementation of the new policy, he and other inmates have "had to continually involuntarily expose private bodily parts to the opposition sex in utilizing the toilet, washing up in the sink, and masturbating." He further complains that cold fronts have come through the Jessup, Maryland, area in August and September 2006, making it difficult for him to keep warm, and with the approach of fall and winter, the temperature will continue to drop. Plaintiff seeks to enjoin the blanket-removal policy.

Plaintiff has filed neither an indigency application nor the $350.00 civil filing fee. Notwithstanding this deficiency, the court has reviewed the complaint and shall summarily dismiss this case.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 126 S.Ct. 2378, 2385-86 (2006). Exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s). *See Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). Plaintiff's prisoner complaint falls under the exhaustion prerequisites of § 1997e(a), and his medical claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd,* 98 Fed. Appx. 253 (4th Cir. June 2, 2004) (per curiam).[*]

According to plaintiff the policy in question was implemented at MHC on August 1, 2006. There is no indication that he has fully exhausted his privacy and conditions of confinement claims as required under *Chase*. Indeed, there is no allegation that he has filed an initial administrative

---

[*]Under *Chase*, a Maryland inmate may satisfy exhaustion by seeking review of an Administrative Remedy Procedure ("ARP") complaint denial from the Warden to the Commissioner and then appealing the Commissioner's decision to the Inmate Grievance Office ("IGO"), the *final level* of appeal within Maryland's administrative grievance system for prisoners. *See Chase*, 286 F.Supp.2d at 529 (emphasis added).

remedy with authorities at MHC. For these reasons, the complaint shall be dismissed without prejudice for the failure to exhaust administrative remedies. A separate Order follows.

Filed: September 18, 2006                                  \_\_/s/_____
                                                                          Andre M. Davis
                                                                          United States District Judge